# Howard v. Town of East Lake, et al.

### Bill to Enjoin Issue of Municipal Bond.

#### (Decided May 20, 1908. 46 South. 754.)

1. *Municipal Corporation; Fiscal Management; Bonds; Constitutional and Statutory Provisions.*—General Acts 1903, page 59, is a new power conferred under the provisions of the Constitution of 1901, and is not affected by the limitation contained in the charter of the town of East Lake; section 225 of the Constitution of 1901, itself fixing the limitation on such power.

2. *Same.*—Section 29 of the charter of East Lake refers to the ordinary transaction of a municipal government and has no reference to the issue of bonds; otherwise, it would conflict with section 18 of said charter.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Bill by W. E. Howard as tax payer, etc., against the town of East Lake and its mayor and councilmen to enjoin the issuance of certain municipal bonds. From a decree for respondent complainants appeal. Affirmed.

W. T. HOWLETT, for appellant. Counsel discusses assignments of error but without citation of authority.

W. J. MARTIN, for appellee. Counsel discusses assignments of error but without citation of authority.

SIMPSON, J.—The bill in this case was filed by the appellant against the appellees to enjoin the issue of certain bonds proposed to be issued by the municipality known as the "Town of East Lake." The charter of said town of East Lake (which town was incorporated by special act of the Legislature approved December 13, 1900) provided as follows:

"Sec. 18. Be it further enacted that the mayor and aldermen shall have power to issue bonds of the town to an amount not exceeding $20,000 in sums of $1000," etc.

"Sec. 29. Be it further enacted that the mayor and aldermen of the town of East Lake are hereby prohibited from expending or contracting for the expenditure of any more money than is collected or provided to be collected during the fiscal year, and any contract made by them to be paid out of moneys assessed and collected during the next succeeding fiscal year shall be void."

The Constitution of Alabama adopted in 1901 provided that no special or local law authorizing any municipality to issue bonds, unless "authorized, before the enactment of such local or special law, by a vote of the duly qualified electors" of the same (Const. 1901, § 104, subd. 17), and also that the Legislature shall have the power to pass general laws authorizing cities and towns to issue bonds, but that no such bonds shall be issued unless first authorized by a vote of the people (Const. 1901, § 222). The contention of the appellant is that the limitations contained in the charter are still operative, notwithstanding the subsequent act of the Legislature (Acts 1903, p. 59).

Said act was passed in pursuance of the constitutional provision, and is by its terms (section 1) made applicable to all of the municipalities of the state. It is a new system of issuing bonds, not by the mere act of the governing body, but by the action of the people themselves, at an election to be held authorizing the governing body to issue the bonds. Said act provides as follows: "Sec. 9. If at an election held under and in accordance with the provisions of this act, a majority of the qualified electors, voting at such election of the

municipality in which the election is held, vote 'for bond issue,' the mayor and aldermen or other governing body of the municipality in which such election is held is hereby authorized to issue the bonds of such municipality in the amount and for the purpose mentioned in the notice of said election." This is a new power conferred by the Legislature, in accordance with the new Constitution, and is not affected by the limitations contained in the original charter; the Constitution itself fixing the limitation on said power. Const. 1901, § 225.

Section 29 of the original charter, above recited, has no reference to the issue of bonds, but refers to the ordinary transactions of the municipal government. If it referred to the issue of bonds, it would have been in conflict with section 18 of the charter, and, if effective at all, would render the issue of the $20,000 of bonds, which it is acknowledged have heretofore been issued, as invalid as any issued under the subsequent act. It is shown that the bonds proposed to be issued are for some of the purposes mentioned in the act, that the election was held in accordance with said act, and that a majority of the qualified voters, voting at said election, voted in favor of the issue of said bonds, and also that the governing body of the municipality has passed the ordinance, in accordance with the authority conferred upon them by the vote of the people.

The decree of the city court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.